IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
C.A. No, 1:10-cv-00432

| | |
|---|---|
| CHERRIE HACKNEY, | ) |
| Plaintiff, | ) |
| v. | ) |
| DYNAMIC RECOVERY SERVICES, INC., et al., | ) **ANSWER OF DEFENDANTS** |
| | ) **TO PLAINTIFF'S COMPLAINT** |
| Defendants. | ) |

Defendants Dynamic Recovery Services, Inc. and Carolyn McNeill ("Defendants"), by counsel, state as follows for their Answer to the Complaint filed by Cherrie Hackney ("Plaintiff"):

### FIRST DEFENSE AND ANSWER

Defendants respond to the specific allegations of the Complaint as follows:

### INTRODUCTION

The allegations contained in Introduction of the Complaint are legal conclusions and no response is required. To the extent that a response is required, all allegations are denied.

### JURISDICTION

1. It is admitted that this Court has subject matter jurisdiction over Plaintiff's federal law claims. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint, and therefore deny said allegations.

2. The allegations contained in paragraph 2 of the Complaint are denied.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

4. The allegations contained in paragraph 4 of the Complaint are denied

1

## PARTIES

5. To the extent the allegations contained in paragraph 5 of the Complaint are legal conclusions, no response is required. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint, and therefore deny said allegations. Except as specifically admitted, the allegations contained in paragraph 5 of the Complaint are denied.

6. The allegations contained in paragraph 6 of the Complaint are admitted.

7. The allegations contained in paragraph 7 of the Complaint are admitted.

8. The allegations contained in paragraph 8 of the Complaint are admitted.

9. The allegations contained in paragraph 9 of the Complaint are admitted.

10. The allegations contained in paragraph 10 of the Complaint are admitted.

11. It is admitted that under certain circumstances, Defendant Dynamic Recovery Services, Inc. ("DRS") may fall under the definitions of "debt collector" as that term is defined in the Fair Debt Collection Practices Act and "collection agency" as that term is defined in § 58-70-90(1). Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint, and therefore deny said allegations.

12. The allegations contained in paragraph 12 of the Complaint are admitted.

13. It is admitted that Defendant McNeil is engaged in the collection of debts from North Carolina consumers using the mail and telephone. All other allegations contained in paragraph 13 of Plaintiff's Complaint are denied.

14. The allegations contained in paragraph 14 of the Complaint are admitted.

15. It is admitted that under certain circumstances, Defendant McNeill may fall under the definitions of "debt collector" as that term is defined in the Fair Debt Collection Practices. Except as specifically admitted, the allegations contained in paragraph 15 of the Complaint are denied.

## FACTUAL ALLEGATIONS

16. The allegations contained in paragraph 16 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

17. It is admitted that Plaintiff owes on an account. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, and therefore deny said allegations.

18. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore deny said allegations.

19. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore deny said allegations.

20. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore deny said allegations.

21. It is admitted that Plaintiff owes on an account. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint, and therefore deny said allegations.

22. The allegations contained in paragraph 22 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

23. It is admitted that Plaintiff's account was referred to Defendant DRS for collection. All other allegations contained in paragraph 23 of Plaintiff's Complaint are denied.

## COLLECTION CALLS IN JULY 2009

24. It is admitted that in July of 2009, Defendant DRS telephoned Plaintiff in attempt to collect on an account. All other allegations contained in paragraph 24 of Plaintiff's Complaint are denied.

25. The allegations contained in paragraph 25 of the Complaint are denied.

26. It is admitted that in July of 2009, Defendant McNeill telephoned Plaintiff in attempt to collect on an account. All other allegations contained in paragraph 26 of Plaintiff's Complaint are denied.

27. The allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. The allegations contained in paragraph 30 of the Complaint are denied.

31. It is admitted that Defendants attempted to collect on an account from Plaintiff. Defendants are without sufficient knowledge to form a belief as to the truth of the

3

remaining allegations contained in paragraph 31 of the Complaint, and therefore deny said allegations.

32. The allegations contained in paragraph 32 of the Complaint are denied.

33. The allegations contained in paragraph 33 of the Complaint are denied.

34. The allegations contained in paragraph 34 of the Complaint are denied.

35. The allegations contained in paragraph 35 of the Complaint are admitted.

36. The public court records of the state of North Carolina speak for themselves and are the best evidence of their contents. To the extent the allegations contained in paragraph 36 of the Complaint are inconsistent therewith, the same are denied. All other allegations contained in paragraph 36 of Plaintiff's Complaint are denied.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are denied.

## RESPONDEAT SUPERIOR LIABILITY

39. Defendants admit that at all relevant times Defendant McNeill was acting as an employee on behalf of Defendant DRS. Defendants deny that Defendant McNeill committed any wrongdoing. The other allegations contained in paragraph 39 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

40. Defendants admit that at all relevant times Defendant McNeill was acting as an employee on behalf of Defendant DRS. Defendants deny that Defendant McNeill committed any wrongdoing. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint, and therefore deny said allegations.

41. Defendants admit that at all relevant times Defendant McNeill was acting as an employee on behalf of Defendant DRS. Defendants deny that Defendant McNeill committed any wrongdoing. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 41 of the Complaint, and therefore deny said allegations..

42. Defendants admit that at all relevant times Defendant McNeill was acting as an employee on behalf of Defendant DRS. Defendants deny that Defendant McNeill committed any wrongdoing. The other allegations contained in paragraph 42 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

4

43. The allegations contained in paragraph 43 of the Complaint are denied.

44. The allegations contained in paragraph 44 of the Complaint are denied.

45. The allegations contained in paragraph 45 of the Complaint are denied.

46. The allegations contained in paragraph 46 of the Complaint are denied.

47. The allegations contained in paragraph 47 of the Complaint are denied.

48. The allegations contained in paragraph 48 of the Complaint are denied.

## TRIAL BY JURY

49. The contents of U.S. Const. Amend. 7 and Fed.R.Civ.P. 38 speak for themselves and to the extent the allegations contained in paragraph 49 of the Complaint are inconsistent therewith, the same are denied. All remaining allegations contained in paragraph 49 of Plaintiff's Complaint are denied..

## CAUSES OF ACTION
## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*(15 U.S.C. §1692 et seq.)*

50. The admissions, denials and averments set forth above are realleged and incorporated herein by reference.

51. The allegations contained in paragraph 51 of the Complaint are denied.

52. The allegations contained in paragraph 52 of the Complaint are denied.

## COUNT TWO
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTE

53. The admissions, denials and averments set forth above are realleged and incorporated herein by reference.

54. The allegations contained in paragraph 54 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

55. The allegations contained in paragraph 55 of the Complaint are denied.

56. The allegations contained in paragraph 56 of the Complaint are denied.

## COUNT THREE
## UNFAIR AND DECEPTIVE TRADE PRACTICES
## VIOLATION OF NORTH CAROLINA'S PROHIBITED ACTIONS BY DEBT COLLECTORS STATUTE AS TO DEFENDANT MCNEILL

57. The admissions, denials and averments set forth above are realleged and incorporated herein by reference.

58. The North Carolina Unfair and Deceptive Trade Practices Act speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 58 of the Complaint are inconsistent therewith the same are denied. Except as specifically admitted, the allegations contained in paragraph 58 of the Complaint are denied.

59. The allegations contained in paragraph 59 of the Complaint are denied.

60. The allegations contained in paragraph 60 are legal conclusions and no response is required. To the extent a response is required, the same are denied.

61. The allegations contained in paragraph 61 of the Complaint are denied.

62. The allegations contained in paragraph 62 of the Complaint are denied.

63. The allegations contained in paragraph 63 of the Complaint are admitted.

64. The allegations contained in paragraph 64 of the Complaint are denied.

65. The allegations contained in paragraph 65 of the Complaint are denied.

66. All other allegations of Plaintiff's Complaint not otherwise specifically admitted or denied herein are denied.

## ADDITIONAL DEFENSES

1. Plaintiff failed to state a claim upon which relief can be granted.

2. Any violation of law by Defendants, which is specifically denied, resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error. Defendant DRS regularly trains its employees to comply with the Fair Debt Collection Practices Act and regularly tests employees on the Act.

3. Plaintiff failed to mitigate any damages.

4. All actions taken by Defendants with respect to the amount owed by Plaintiff were in compliance with all laws, were privileged, and absolutely privileged.

6

5. Defendants did not make any false or misleading representation to Plaintiff or anyone else.

6. Plaintiff did not justifiably rely upon any alleged false or misleading representation.

This the 26th day of August, 2010.

/s/ Caren D. Enloe
Caren D. Enloe
of SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
North Carolina State Bar No. 17394
4601 Six Forks Road, Suite 400
Post Office Drawer 26268
Raleigh, NC 27610
(919)250-2125
Facsimile: (919)250-2100
cenloe@smithdebnamlaw.com
Attorney for Defendant.

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that a copy will be forwarded to all counsel via the CM/ECF system as set forth below:

Angela O. Martin
Martin, Attorney at Law, PLLC
1911 Keller Andrews Rd.
Sanford, N.C. 27330
angela@angelamartinlaw.com

/s/ Caren D. Enloe
Caren D. Enloe